TITLE GUARANTEE AND TRUST COMPANY, as Trustee of an Express Trust Created for the Benefit of SUSIE F. ROCKWELL et al., Respondent, *v.* FRANCIS ASBURY PALMER FUND, Appellant.

Judgment affirmed, with costs.

MARTIN, P. J. (dissenting in part). The appellant contends that the allowance of a fee of $1,750 to the referee is grossly excessive. A review of the record discloses that hearings were held on but three occasions, all within a period of three weeks. On January 22, 1945, the referee sat from 10:00 A.M. to 12:45 P.M.; one week later, on January 29, 1945, he sat from 10:30 A.M. to 1:15 P.M.; about two weeks thereafter and on February 13, 1945, he sat from 10:30 A.M. until 12:30 P.M. The hearings thus consumed a total of only seven and one-half hours. Only one hundred and twenty pages of testimony were taken during the three sessions.

The question presented to the referee for determination was neither difficult nor involved. As stated by the referee, the issue was " whether the Defendant had knowledge of, consented to, acquiesced in or ratified the acquisition by Plaintiff of the six bonds and mortgages from Plaintiff's own corporate assets."

Mr. Kelly, who was counsel and legal advisor of the defendant as well as a member of its board of directors, and Mr. Long, the treasurer of the defendant, were called as witnesses. The referee found that these men "well knew that the six mortgages in question were substituted from the Portfolio of the Title Guarantee and Trust Company, and that they both consented to such substitution; that the Defendant was advised by Mr. Kelly of the transaction, despite the fact that no formal record or resolution was made upon the minutes of the Corporation, its Finance or Executive Committee."

Based upon the foregoing determination of a simple issue of fact, the referee filed an eleven-page report which recommended that the account of the plaintiff be judicially settled as filed with the exception of one fifty-one-cent item and that the plaintiff be surcharged that amount.

For these services he has been allowed a fee of $1,750. In my opinion this is grossly excessive and should be modified by a reduction to $750.

This case could have been disposed of in a few hours by the Judge at Special Term or by an official referee. This reference resulted in an unnecessary expense to the litigants.

There appears to be a growing tendency to send simple matters to referees that should be disposed of by the court or sent to an official referee and thus avoid expense to the litigants.

I dissent in part and vote to modify the judgment by reducing the allowance to the referee as compensation for his services to the sum of $750, and to affirm the judgment as so modified.

Townley, Glennon, Callahan and Peck, JJ., concur in decision; Martin, P. J., dissents in part in opinion.

Judgment affirmed, with costs. No opinion.